UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAUDRIA L. AGEE,

    Plaintiff,

v.                                      Case No. 8:09-cv-2146-T-23TBM

UNITED STATES DEPARTMENT
OF LABOR,

    Defendant.
                             /

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the court construes as a motion to proceed *in forma pauperis*. While her affidavit indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action, because I find that the Complaint is frivolous or fails to state a claim, I recommend that the court dismiss this action.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the opposing party is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a petitioner must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth by a petitioner must be sufficient to raise a right to relief above the speculative level on the assumption that all allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when a petitioner "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)) or the "[petitioner's] realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a petitioner's claim for relief as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff, Laudria Agee, filed a Complaint against the United States Department of Labor arising out of several on-the-job injuries sustained while working as a mail processing clerk for the United States Postal Service. While Plaintiff's Complaint makes reference to

2

wrongful termination, discrimination, retaliation, harassment, hostile work environment, and the Americans with Disabilities Act, she nevertheless fails to allege any specific facts supporting the various causes of action she attempts to advance. By way of example, Plaintiff alleges, "I have been harassed by my claims examiner. Kevin Burke called me at least 4 times in the matter of a minute time frame. All 3 of my claims adjusters are bias and prejudice." (Doc. 1 at 2). If these allegations are intended to support Plaintiff's claims for discrimination, harassment, or hostile work environment, such conclusory statements are insufficient to state a cause of action under any of these theories. As to her wrongful termination claim, while Plaintiff alleges she has not worked since December 2007, it is unclear from her pleadings whether she was terminated or she was not working due to receiving disability benefits.[1]

As a federal employee, Plaintiff would not have a cause of action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102, et seq. *See* 42 U.S.C. § 12111(5)(B)(i) ("employer" does not include the United States). Rather, if Plaintiff were able to state such a claim of discrimination based upon her disability, same would be brought pursuant to the Rehabilitation Act which prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability. *See* 29 U.S.C. § 791. Notwithstanding Plaintiff's reference to the incorrect Act, Plaintiff has alleged that she has permanent injuries and is uncertain if she will ever go back to work. Thus, it is unclear from the Complaint whether Plaintiff can sufficiently plead the requisite elements for a claim under the Rehabilitation Act in any event.[2]

---

[1] Plaintiff's affidavit of indigency (Doc. 2) makes reference to her being "out on workman's comp."

[2] *See Sutton v. Lader*, 185 F. 3d 1203, 1207 (11th Cir. 1999) (to state a claim for discrimination under the Rehabilitation Act, a plaintiff must allege that "(1) he has a

3

Upon my consideration, even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's allegations nevertheless fail to plead a short, concise statement of claims pursuant to Rule 8, her allegations are unclear as to the causes of action she is pursuing, and she has failed to sufficiently allege the essential elements to state a cause of action for wrongful termination, discrimination, retaliation, harassment, hostile work environment, or discrimination based upon a disability. Thus, I am obliged to conclude that her Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

For these reasons, I recommend that the court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.[3]

Respectfully submitted on this
3rd day of November 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

disability, (2) he is otherwise qualified for the position, and (3) he was subjected to unlawful discrimination as the result of his disability" (citing *Gordon v. E.L. Hamm & Assocs., Inc.* 100 F. 3d 907 907, 910 (11th Cir. 1996)) .

[3]A brochure from the Federal Bar Association Pro Bono Civil Litigation Project is appended to this Report and Recommendation. Plaintiff may wish to seek the assistance of an attorney through this program or elsewhere before again filing papers with this court.

**NOTICE TO PARTIES**

       Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
The Honorable Steven D. Merryday, United States District Judge
*Pro se* Plaintiff