UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAUDRIA L. AGEE,

    Plaintiff,

v.                                                     Case No. 8:09-cv-2146-T-23TBM

UNITED STATES DEPARTMENT
OF LABOR,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on **Plaintiff's Affidavit of Indigency** (Doc. 13), which the court construes as a motion for permission to appeal *in forma pauperis*. Pursuant to Rule 24 of the Federal Rules of Appellate Procedure, Plaintiff seeks to appeal the district court's Order adopting the report and recommendation, denying Plaintiff's motion to proceed *in forma pauperis*, dismissing Plaintiff's Amended Complaint and striking the Second Amended Complaint (Doc. 11). For the reasons set forth below, Plaintiff's motion (Doc. 13) should be denied.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal. *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007). Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to

appeal in forma pauperis must file a motion in the district
court.  The party must attach an affidavit that:
- **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
- **(B)** claims an entitlement to redress; and
- **(C)** states the issues that the party intends to present on appeal.

**(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
- **(A)** the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
- **(B)** a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> \*\*\*
>
> an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).  The statute provides further that the court must dismiss a case at any time if it determines that the allegation of poverty is untrue or the action or appeal is

2

frivolous or malicious. *Id.* at (e)(2)(A), (B). Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay, and (2) the appeal must be brought in good faith.

While Plaintiff's affidavit demonstrates she lacks the resources necessary to pay the filing fee, because I find the appeal to be frivolous, I recommend Plaintiff's motion (Doc. 13) be denied. To the extent that Plaintiff seeks to appeal the district judge's Order (Doc. 11) denying her *in forma pauperis* status and dismissing her Amended Complaint, I find that the motion is not brought in good faith. Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla.1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless."[1] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). In deciding whether an *in forma pauperis* appeal is frivolous under §1915(e), the court determines whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976), *cert. denied* 503 U.S. 999 (1992)).

Here, Plaintiff has neither filed a motion supporting her reasons for filing her appeal or filed an affidavit stating the issues on appeal. Instead, she has only filed a Notice of Appeal

---

[1]On the other hand, where an issue or claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n.*, 936 F.2d 512, 515 (11th Cir. 1991). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

3

stating she is an injured worker, she has not worked in three years, the U.S. Department of Labor continues to deny her medical treatment and benefits, which has caused her damage for which she seeks compensation. (Doc. 12). She files a "Brief Statement Complaint for Damages and Injuries" wherein she reiterates that she suffered work-related injuries when employed with the United States Post Office. (Doc. 14). Again she details her injuries and her inability to pay for her medical treatment. Plaintiff is receiving worker's compensation for her injuries. She states she does not know if she is able to work again and is "considered totally disabled at this point." *See id.* Plaintiff has failed to identify any colorable basis for her appeal or for concluding that the Court erred in denying her motions to proceed *in forma pauperis*. She merely repeats the rambling allegations previously alleged in her prior Complaints, with no coherent factual basis for any cause of action against Defendant. Indeed, despite three attempts, Plaintiff was unable to plead a cause of action against the Defendant.[2] And as the district judge noted, further amendment appeared futile. *See* (Doc. 11 at 2). Since she fails to proffer her legal theory as to how the district court erred in dismissing this action, I am unable to ascertain the basis of this appeal. Upon review of the order from which Plaintiff appeals (Doc. 11), the Court concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success on appeal. After

---

[2]The undersigned reviewed only the initial complaint and amended complaint (Docs. 1, 6). Subsequent to the report regarding the amended complaint and prior to the district judge's order, Plaintiff filed a second amended complaint without leave of court. Notwithstanding, the district judge in his order noted that the proposed second amended complaint again failed to correct the pleading deficiencies previously identified.

consideration, the undersigned cannot find a legitimate, non-frivolous issue to be presented on appeal and, therefore, Plaintiff should not be allowed to proceed on appeal *in forma pauperis*.

Accordingly, for the reasons set forth above, it is RECOMMENDED that the court DENY Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc.13) and, if deemed necessary, certify that the appeal is not taken in good faith. It is RECOMMENDED further that the court direct the Clerk to notify the Court of Appeals of the above rulings in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

                                            Respectfully submitted on this
                                            28th day of June 2010.

                                            THOMAS B. McCOUN III
                                            UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record
*Pro se* Plaintiff